UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------

DENNIS JEMMOTT,

                           Plaintiff,                  **MEMORANDUM & ORDER**

           v.                                 13-CV-2665 (MKB)

METROPOLITAN TRANSIT AUTHORITY and
NEW YORK CITY TRANSIT AUTHORITY,

                         Defendants.

---------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

On May 1, 2013, Plaintiff Dennis Jemmott commenced the above-captioned action against Defendants the Metropolitan Transportation Authority and New York City Transit Authority alleging discrimination, retaliation and a hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the American with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.* Defendants requested a pre-motion conference in anticipation of moving to dismiss on the basis of duplicative litigation, timeliness and insufficient service. (Docket Entry No. 7.) At the pre-motion conference held on March 10, 2014, the Court *sua sponte* dismissed the Complaint as duplicative and untimely. (Minute Entry Dated Mar. 10, 2014.) The Court explains its decision below.

I.    **Background**

        a.  **Plaintiff's allegations in the Complaint at issue**

Plaintiff, an African-American male, began working for the Metropolitan Transportation Authority's New York City Transit Authority in 1979 in the area of subway car maintenance,

repair and inspection.[1]  (Compl. ¶ 8.)  In 2000, Plaintiff was promoted to Maintenance Supervisor and was assigned to the Coney Island yards.  (*Id.* ¶ 10.)  The majority of the employees under Plaintiff's supervision were Caucasian and of Russian heritage.  (*Id.*)  Plaintiff was subjected to ongoing racial taunts and insubordination by said employees.  (*Id.* ¶ 11.)  Plaintiff made numerous complaints to his supervisors but there was never any action taken or investigation performed.  (*Id.*)

In November 2010, Plaintiff instructed a subordinate car inspector of Russian nationality to fill up oil containers.  (*Id.* ¶ 14.)  The employee responded with a racial epithet and called Plaintiff "stupid."  (*Id.*)  On December 6, 2010, the same employee responded to Plaintiff with a "contemptuous remark."  (*Id.*)  The same occurred on December 9, 2010 and December 13, 2010.  (*Id.*)  After numerous requests by Plaintiff to his supervisors to reprimand the employees, Plaintiff was removed from his job assignment and ordered to select another work assignment away from the Coney Island repair facility.  (*Id.* ¶ 15.)  Plaintiff's request to be reinstated to his previous assignment was denied and he was threatened with a transfer to the Bronx.  (*Id.*)

Plaintiff also alleges instances of discrimination based on disability.  Plaintiff is disabled with binaural hearing loss in excess of forty percent.  (*Id.* ¶ 12.)  Plaintiff once requested a transfer to a work location with lower noise exposure but was not accommodated.  (*Id.*)  In addition, his disability was the subject of ridicule by the employees he supervised.  (*Id.*)  Plaintiff was "forced" to accept retirement on November 18, 2011.  (*Id.* ¶ 16.)

Plaintiff brought charges against Defendants before the Equal Employment Opportunity Commission ("EEOC"); the EEOC subsequently mailed a right to sue letter to Plaintiff on or about January 17, 2013.  (*Id.* ¶ 5.)

---

[1]  The facts stated herein are as alleged in the Complaint.

### b. Plaintiff's other action

Plaintiff, proceeding *pro se*, filed an action in this district on April 15, 2013. *See* Complaint, *Jemmott v. New York City Transit Authority*, No. 13-CV-2272 (E.D.N.Y. 2013) [hereinafter *Jemmott I*]. In *Jemmott I*, Plaintiff's Complaint contains more allegations, an unsworn statement of facts, decisions by the New York State Division of Human Rights and medical records attesting to Plaintiff's disability. (*Id.*)

Plaintiff alleged violations of Title VII, the ADA and the Age Discrimination and Employment Act of 1976, 29 U.S.C. § 621 *et seq.* (*Id.* at 1.) He alleged that from June 2002 to November 18, 2011, he suffered discrimination on the basis of race, color, national origin and disability. (*Id.* at 3.) According to Plaintiff, from March 2000 he was subjected to verbal abuse, threats and intimidation by his managers and "Russian white supremacist employees" of the New York City Transit Authority. (*Id.* at 32.) Plaintiff's managers made Plaintiff's working environment "very hostile and dangerous" by failing to stop the "racial reverse under ground tunnel activities" of the Russian white supremacist hourly workers. (*Id.* at 33.)

Among many incidents, Plaintiff identifies his threatened transfer to the Bronx, (*id.* at 41), and a subordinate's refusal to follow Plaintiff's orders while calling Plaintiff "dumb" and "stupid," (*id.* at 13), as evidence of discrimination in violation of federal law. According to Plaintiff, he was "forced" to retire on November 18, 2011, in retaliation for "telling these racists that they must work for the public's money." (*Id.* at 44 (emphasis omitted).)

## II. Discussion

### a. Plaintiff's action is duplicative

"The general rule among federal district courts is to avoid duplicative litigation." *Lexico Enterprises, Inc. v. Cumberland Farms, Inc.*, 686 F. Supp. 2d 221, 224 (E.D.N.Y. 2010). When

a court is presented with a duplicative action, "simple dismissal of the second suit is [a] common disposition because plaintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138–39 (2d Cir. 2000); *cf. Caractor v. Hous. Bridge 93rd Ave. Family Residence*, No. 13-CV-3800, 2014 WL 1351402, at *2 (E.D.N.Y. Apr. 2, 2014) ("The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation."); *Cosa Xentaur Corp v. Bow*, No. 13-CV-2912, 2014 WL 1331030, at *9 (E.D.N.Y. Mar. 31, 2014) ("Because parties should be free from the vexation of concurrent litigation over the same subject matter, there is a strong presumption that a later lawsuit will be dismissed in favor of the first-filed lawsuit." (citation and internal quotation marks omitted)). "In determining whether a claim is barred by the prior pending action doctrine, the court may rely on a comparison of the pleadings filed in the two actions." *Henderson v. Williams*, No. 12-CV-489, 2013 WL 995624, at *2 (D. Conn. Mar. 13, 2013).

Plaintiff filed *Jemmott I*, *pro se*, on April 15, 2013 alleging violations of Title VII, the ADA, and the ADEA. *Jemmott I. Jemmott I* is currently assigned to Judge Kuntz. Plaintiff commenced the instant action on May 1, 2013, with counsel. (Docket Entry No. 1.) As a later-filed complaint, the instant action is properly dismissed if deemed duplicative. The Court finds that this action is duplicative of *Jemmott I* as the actions involve the same subject in the same court against the same defendant at the same time.

After comparing the complaints at issue, the Court finds that both concern the alleged discrimination suffered by Plaintiff by the New York City Transit Authority during the same time period. Although Plaintiff asserts a NYSHRL claim before this Court while he does not do so in *Jemmott I*, the addition of a state law claim is insufficient to avoid dismissal as claims of

discrimination brought under the NYSHRL mirror those brought under federal law. *See Ben-Levy v. Bloomberg, L.P.*, 518 F. App'x 17, 18 (2d Cir. 2013) (citing *Weinstock v. Columbia Univ.*, 224 F.3d 33, 42 n.1 (2d Cir. 2000) ("The identical standards apply to employment discrimination claims brought under Title VII, Title IX, New York Executive Law § 296, and the Administrative Code of the City of New York."). Rather than instituting a new action, Plaintiff should amend the prior action to include his NYSHRL claim. *See Henderson*, 2013 WL 995624, at *2 ("Thus, the Court concludes that the plaintiff could amend the prior action to include the claims raised in the amended complaint."). Similarly, Plaintiff's inclusion of an age discrimination claim in *Jemmott I* does not distinguish that action to the point of outweighing the Court's interest in judicial economy and avoidance of the vexation of concurrent litigation. *See Caractor*, 2014 WL 1351402, at *3 (consolidating two cases despite a lack of complete identicalness); *cf. Morency v. Vill. of Lynbrook*, No. 11-CV-4887, 2014 WL 868834, at *4 (E.D.N.Y. Mar. 6, 2014) (finding two complaints duplicative although the second-filed complaint included additional parties).

The Court notes that the Second Circuit has recognized a special circumstances exception to the well-settled principle that the first-filed suits warrant priority. *Employers Ins. of Wasau v. Fox Entm't Group, Inc.*, 522 F.3d 271, 275 (2d Cir. 2008) ("The later of the two cases will only take priority where there is a showing of balance of convenience or special circumstances." (citation and internal quotation marks omitted)). In what could be construed as an invocation of the special circumstances exception, Plaintiff, at the pre-motion conference before this Court, expressed the belief that the instant action was previously filed, discontinued and then filed again. However, the Court finds no evidence to support Plaintiff's belief. The instant action was

filed on May 1, 2013, (Docket Entry No. 1), subsequent to the filing of *Jemmott I*, currently before Judge Kuntz.

For the reasons discussed above, the Court dismissed the Complaint as duplicative.

### b. Plaintiff's action is untimely

Defendants also argue that Plaintiff's Complaint should be dismissed for failure to commence this action within 90 days of the Equal Employment Opportunity ("EEOC") Right to Sue Letter. Plaintiff alleges in his Complaint that he timely commenced this action. (Compl. ¶ 5.) However, the Complaint was filed on May 1, 2013 and, as Plaintiff states in the Complaint, the EEOC Right to Sue letter was issued "on or about January 17, 2013." (*Id.*) The letter is dated January 17, 2013; applying the presumption that Plaintiff received the letter on January 20, 2013,[2] Plaintiff filed his suit 101 days after receiving the EEOC Right to Sue letter. Plaintiff's action is untimely. *See Mercedes v. AVA Pork Products, Inc.*, No. 13-CV-3212, 2014 WL 1369611, at *5 (E.D.N.Y. Apr. 8, 2014) (dismissing a discrimination action as untimely for filing 100 days after the plaintiff alleged to have received the EEOC's right to sue letter); *Coffey v. Donahoe*, No. 12-CV-138, 2013 WL 3244788, at *4 (W.D.N.Y. June 26, 2013) ("The courts have strictly enforced the 90-day time limit." (internal quotation marks omitted)).

---

[2] "There is a . . . presumption that a mailed document is received three days after its mailing." *Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013).

### III. Conclusion

Plaintiff's Complaint is dismissed as duplicative and untimely. The Clerk of the Court is directed to close this case.

SO ORDERED:

_____S/ MKB_____
MARGO K. BRODIE
United States District Judge

Dated: May 21, 2014
Brooklyn, New York